IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID STRONG**                                                             **PETITIONER**

v.                                                          Civil No. 3:20-cv-748-DCB-RHWR

**WARDEN REIZER**                                                          **RESPONDENT**

### REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Petition [1] for Writ of Habeas Corpus filed by Petitioner David Strong. Respondent Warden Reizer has filed a Response [13] in Opposition. Considering the parties' submissions, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that the Petition [1] for Writ of Habeas Corpus be denied, and this matter dismissed with prejudice.

### I. BACKGROUND

Petitioner David Strong ("Petitioner" or "Strong"), proceeding pro se, filed a Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court on November 19, 2020. Strong is currently serving a 252-month term of imprisonment following his 2013 conviction in the United States District Court for the Eastern District of Tennessee on one count of aiding and abetting in using, carrying, brandishing and discharging a firearm during a crime of violence, and one count of aiding and abetting in using, carrying, brandishing a firearm during a crime of violence. *See United States v. Strong*, No. 3:09-cr-163-2, ECF No. 81 (E.D. Tenn. Jun. 21, 2013). At all times relevant to this action, Strong was in the custody of the Federal

Bureau of Prisons, confined at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").

On July 23, 2020, Strong appeared before the Unit Discipline Committee ("UDC") on an Incident Report charging him with assisting in the disposition of an item during a search. *See* Ex. [1-4] at 2. The charge arose after prison officials reviewed closed caption surveillance footage showing Strong attempting to move or hide a cellphone, brought into his cell by another inmate, to evade its discovery by corrections officers. *Id*. The UDC referred the incident to the Discipline Hearing Officer ("DHO") for a hearing. *Id*. Inmate Strong was advised of his rights before the DHO hearing on July 23, 2020. *Id*.

On July 28, 2020, Strong appeared before the DHO. *See* Ex. [1-5] at 1. The DHO confirmed Strong understood his rights during the hearing. *Id*. Strong waived his right to have a staff representative assist him and provided a general denial of the alleged disciplinary charges. *Id*. Strong also identified inmate Ignacio Salgado as a witness he wanted to be called on his behalf. *Id*. While Salgado did not appear at the hearing, he did provide written testimony. *Id*. Strong provided no additional documentary evidence for consideration, and at no time during the hearing did he note any other issues. *Id*.

Following the hearing, the DHO concluded that Strong had committed the charged offense. *Id*. at 2. The DHO imposed the following sanctions: disallowance of forty-one days of good conduct time, forfeiture of twenty-eight days of non-vested good conduct time, seven days of disciplinary segregation, and a six-month commissary

restriction. *Id* at 4. The DHO informed Strong of his right to appeal the decision within twenty days under the Administrative Remedy Procedure. *Id*. The DHO Report was delivered to Strong on July 31, 2020. *Id*. Strong filed an appeal on November 15, 2020. *See* Ex. [13-3] at 2-3; *see also* Ex. [13-4] at 2.

On November 19, 2020, Strong filed the instant Petition [1] with the Court. Strong contends that the DHO violated his substantive and procedural due process rights by not informing him that assisting with the disposal of any item during a search was a prohibited act upon his arrival at FCC Yazoo City. *Id.* at 6. Strong also contends that he was denied a fair hearing and that no evidence existed to prove that he committed the prohibited act. Strong further contends that he is being transferred to a higher security facility for committing an allegedly "nonexistent prohibited act." *Id.* at 6-7.

## II. DISCUSSION

**A.  Petitioner failed to exhaust available administrative remedies prior to filing his petition.**
  a.  Relevant Legal Authority

Although 28 U.S.C § 2241 does not expressly contain an exhaustion requirement, it is well-settled law that a federal inmate must exhaust all administrative remedies available before filing a habeas petition under § 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies") (citing *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)). An inmate's failure to properly and fully pursue administrative remedies consistent with the

3

procedures provided by the prison system in which he is incarcerated constitutes procedural default, warranting dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001). If the available administrative remedies are either unavailable or wholly inappropriate, or if the exhaustion would be futile, a petitioner need not exhaust. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Such exceptions to the exhaustion requirement apply only in extraordinary circumstances, and Petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. Id.

Exhaustion of administrative remedies for a BOP inmate requires the inmate follow the procedures for filing administrative remedies outlined in 28 C.F.R §§ 542.10-542.18. This process requires that an inmate first make an informal request for resolution to the appropriate BOP staff member. 28 C.F.R. § 542.13. If an informal resolution is not achieved, an inmate must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, she may appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the Office of General Counsel, or Central Office, within thirty days, although the time limit may be extended if the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15. The Appeal to the General Counsel is the final administrative appeal. 28 C.F.R. § 542.15.

b. <u>Analysis</u>

Here, Strong failed to exhaust the available administrative remedies prior to filing his Petition. Strong received the DHO's Report on July 31, 2020. *See* Ex. [1-5] at 4. Therefore, Strong's deadline to file his appeal was August 20, 2020. Because Strong did not file his appeal until November 15, 2020, *see* Ex. "D" at 2, almost three months after the deadline, it was untimely.[1] Accordingly, Strong failed to exhaust his claim through the administrative process and it must be dismissed, *Fuller*, 11 F.3d at 62, unless he can demonstrate extraordinary circumstances that would warrant a waiver of the exhaustion requirement.

Extraordinary circumstances exists when administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id*; *see also Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). Strong bears the burden of demonstrating the inappropriateness or futility of administrative review. *Fuller*, 11 F.3d at 62,

On this issue, it is unquestionable that an appropriate administrative remedy process existed through which Strong could appeal the DHO's report. Strong makes no suggestion otherwise. Instead, Strong contends that going through that exhaustion process would have been futile, because prison staff allegedly delay filing and responding to grievances. Not. [3] at 1-2; Not. [6] at 1-2. In support, Strong attaches a grievance he filed requesting a sentence reduction under the First Step

---

[1] It is also worth noting that following the first stage rejection, Strong did not attempt to satisfy either of the two remaining steps prior to filing his [1] Petition.

Act and grievances filled by another inmate. *See* Ex. [3-1]. Even if these documents are accurate, they fail to establish that attempting to exhaust would have been "a patently futile course of action." *Fuller*, 11 F.3d at 62. Nor do Strong's arguments explain why he failed to file his appeal until almost three months after the deadline. Thus, Strong has failed to establish the existence of extraordinary circumstances to excuse his failure to exhaust. Accordingly, Strong's petition is subject to denial for this reason alone.

**B.  Petitioner received all of the procedural due process to which he was entitled.**
    a.  <u>Relevant Legal Authority</u>

It is well-settled that federal prisoners have a liberty interest in their accumulated good-conduct time and that the disallowance of good time credits, which will result in an inmate's confinement being extended, cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, prison disciplinary proceedings are not a part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights of such proceedings. *Wolff*, 418 U.S. at 566; *see also Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Instead, prison disciplinary hearings comport with due process when an inmate is given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to present documentary evidence and call witnesses in his defense; and, (3) a written statement by the factfinder of the evidence relied on

and the reasons for the disciplinary action taken. *Martinez v. Young*, 653 F. App'x 835, 836 (5th Cir. 2016) (citing *Wolff*, 418 U.S. at 563-70).

    b.   <u>Analysis</u>

Here, the evidence of record reflects that Strong received all of the procedural due process to which he was entitled. First, Strong received advanced written notice of the charges against him on July 22, 2020, seven days prior to the July 28, 2020, disciplinary hearing. *See* Ex. [1-5] at 2. Strong concedes receiving such notice. *See* Mem. [2] at 9. Second, at the disciplinary hearing, Strong had the opportunity to testify on his own behalf and call a fellow inmate as a witness.[2] *See* Ex. [1-5] at 2-3. It also appears that Strong declined the opportunity to present documentary evidence. *Id*. Third, Strong received a written report from the DHO on July 31, 2020, outlining the evidence relied on and the reasons for the disciplinary actions taken. *Id*. Specifically, the DHO relied on the video evidence showing Strong disposing of a cellphone in an effort to evade correctional officers attempt to search. *Id*. at 2. The DHO report also explained that disciplinary action was taken because Strong's conduct violated the BOP's rules and regulations and threatened the safety of BOP staff and other inmates. *Id*. at 2-3. Therefore, Strong's disciplinary hearing complied with the applicable due process requirements.

However, the gravamen of Strong's complaint is that he did not receive fair notice, upon his arrival at FCC Yazoo City, that assisting in disposing of an item during a search was prohibited. *See* Pet. [1] at 6; *see also* Mem. [2] at 6-10. This

---

[2] According to the evidence, the inmate Strong called to testify was unavailable and provided written testimony instead.

argument lacks merit. As the table — attached to Strong's Petition [1] — makes clear, one prohibited act is "[d]estroying and/or disposing of any item during a search of attempt to search." *See* Ex. [1-2] at 5. Thus, Strong plainly had fair notice that disposing of a cellphone— in any manner—was prohibited.

It is well-settled that the authority to administer prison discipline is within the discretion of the BOP, and none of Strong's arguments, including those not expressly addressed herein, provide a basis for disturbing the DHO's finding nor the sanctions imposed. The "[r]evocation of good time credits is not comparable to a criminal conviction...," *Hill*, 472 U.S. at 455, and "only where there is no evidence whatsoever to support the decision of the prison officials" will a prison disciplinary decision be overturned, *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Because the record demonstrates that there was at least some evidence to support the finding of guilt, the undersigned recommends that the instant petition be denied for this reason also.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends denying Petitioner David Strong's Petition [1] for Writ of Habeas Corpus and dismissing this case with prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the

>clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 8th day of July 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE